IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–00434–KMT

VICKI HALL,

      Plaintiff,

v.

DONNA HILDERBRAND,
DONNA HILDERBRAND, INC., and
REMAX PROPERTIES, INC.,

      Defendants.

---

## ORDER

---

Before the court is the "Motion to Dismiss under 12(b)(6) of Donna Hilderbrand and

Donna Hilderbrand, Inc.," filed by Defendants Donna Hilderbrand and Donna Hilderbrand, Inc.

[collectively, "the Hilderbrand Defendants"], as well as Plaintiff's "Motion for Leave to Amend

and Supplement Complaint." (["Defendants' Motion"], Doc. No. 52; ["Plaintiff's Motion"],

Doc. No. 64.)  Plaintiff has responded in opposition to the Hilderbrand Defendants' motion, and

the Hilderbrand Defendants have replied. (["Plaintiff's Response"], Doc. No. 59; ["Defendants'

Reply"], Doc. No. 61.)  The Hilderbrand Defendants have, likewise, responded in opposition to

Plaintiff's motion. (["Defendants' Response"], Doc. No. 69.)

## STATEMENT OF THE CASE

*Pro se* Plaintiff Vicki Hall is a disabled individual, who is said to require special accommodations with respect to her housing. (["Complaint"], Doc. No. 17 at 4; Doc. No. 9.) On August 17, 2010, Plaintiff reportedly executed a residential lease agreement for a single unit in a duplex property in Colorado Springs, Colorado.[1] (Doc. No. 1 at 1-11; Compl. 6.) The 2010 lease identified Plaintiff as the "Tenant," and Donna Hilderbrand, Inc. as the "Landlord." (Doc. No. 1 at 1.) Paragraph 31 of the 2010 lease stipulated that Plaintiff, while responsible for certain yard care and maintenance, would not be responsible for lawn mowing and snow removal.[2] (*Id.* at 9 ¶ 31.) Plaintiff alleges that this provision was made to address her specific disability. (Compl. 6.) The 2010 lease was said to have been extended, without incident, through July 31, 2016. (*Id.*)

_____

[1] A copy of the 2010 lease agreement, the 2016 lease agreement, and other documents are attached to Plaintiff's initial filing in this lawsuit. (*See* Doc. No. 1.) Although the Third Amended Complaint replaced Plaintiff's earlier pleadings, the court takes judicial notice of the documents attached to her initial filing. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (explaining that a court is permitted to take notice of publicly-filed records, including its own records, "concerning matters that bear directly upon the disposition of the case at hand").

[2] Paragraph 31 of the 2010 lease specifically provides, in pertinent part:

> **31. OTHER ITEMS OF MUTUAL AGREEMENT:**
>
> ***
>
> **C. Tenant will be responsible to care for/maintain the front yard. Tenant will do the fertilizing trees, grass, shrubs, and watering the back yard.**
>
> **D. Tenant will not have any responsibility to mow the yard/grass or do any snow removal.**

(Doc. No. 1 at 9 ¶ 31.)

According the Third Amended Complaint, on July 7, 2016, Donna Hilderbrand "threw" three copies of a new lease on Plaintiff's table, and said, "sign it or move." (*Id.*) The new lease, which purported to cover the same property as the 2010 lease, identified "Donna Hilderbrand on behalf of Owner/Landlord" as the "Landlord," Plaintiff as the "Tenant," and "RE/MAX Properties, Inc." as the "Broker." (Doc. No. 1 at 12.) The new lease allegedly "did not take into consideration [Plaintiff's] reasonable accommodation" with respect to lawn mowing and snow removal.[3] (Compl. 5.)

Plaintiff reportedly refused to sign the new lease until the property "passe[d] inspection." (*Id.* at 6.) It is alleged that Donna Hilderbrand, in response, scribbled "not valid" on one copy of the new lease, "removed the other two copies," and then "left before the inspector arrived." (*Id.*; *see* Doc. No. 1 at 22.) Plaintiff claims that the property then "failed inspection." (Compl. 6.)

Two weeks later, on July 20, 2016, Plaintiff reportedly mailed Donna Hilderbrand an eight-page, typewritten "response" to the new lease, entitled "Notes for lease negotiation for property at 4014 E. San Miguel Street, Colorado Springs, CO 80909" [hereinafter, "Negotiation Notes"].[4] (*Id.*; *see* Defs.' Mot. Ex. 1 ["Notes"].) The Negotiation Notes contain numerous

---

[3] The court observes that Paragraph 13 of the 2016 lease, entitled "Maintenance," obligates the tenant to "[m]aintain the yard, keeping weeds pulled, leaves raked, trees and shrubs trimmed and grass mowed to the satisfaction of Landlord," as well as to "[m]aintain the sidewalks, driveway and parking area free and clear from snow and ice." (Doc. No. 1 at 17.) The single-page addendum to the 2016 lease specifies that the tenant bears responsibility for mowing the grass, *if a lawn exists*. (*Id.* at 26.) Neither the 2016 lease, nor the 2010 lease, mentions any accommodation for the tenant that is explicitly related to a disability. (*See id.* at 1-31.)

[4] The copy of the "Negotiation Notes," which is attached to Plaintiff's initial filing, appears to be missing two of the eight pages. (*See* Doc. No. 1 at 32-37.) The Hilderbrand Defendants have attached a "complete copy" of the document to their motion to dismiss. (Defs.' Mot. Ex. 1.) The copy provided by the Hilderbrand Defendants will, therefore, be considered as part of the pleadings for purposes of the motion to dismiss. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d

complaints, inquiries, and demands pertaining to the rental property, as well as requests for modifications to the 2016 lease terms.  (*See* Notes 1-8.)  According to the Third Amended Complaint, within "hours" of Donna Hilderbrand's receipt of the Negotiation Notes, on July 22, 2016, Plaintiff was served a "Notice to Quit" the property.  (Compl. 5-6.)  Plaintiff thereafter commenced this action, some sixteen months after her eviction, on February 21, 2018.  (*See* Doc. No. 1.)

On March 21, 2019, Plaintiff filed a Third Amended Complaint, asserting five claims against Defendants Donna Hilderbrand, Donna Hilderbrand, Inc., and RE/MAX.  (Compl. 2, 4-11.)  The first two claims allege a failure to accommodate Plaintiff's disability, in violation of the Fair Housing Act ["FHA"], 42 U.S.C. § 3604(f)(3)(B), against all Defendants.  (*Id.* at 4-5.)  The third claim, which is vaguely worded, is asserted against the Hilderbrand Defendants.  (*Id.* at 6-7.)  The fourth claim alleges negligence by RE/MAX.  (*Id.* at 8.)  The fifth claim, entitled "Summary of harm done to me as a result of this situation," does not identify any Defendants or causes of action.  (*Id.* at 9-11.)

On July 8, 2019, Defendant RE/MAX filed a motion to dismiss the Third Amended Complaint, for lack of subject matter jurisdiction and for failure to state a claim.  (Doc. No. 24.)  In addition, on August 30, 2019, Defendants collectively sought dismissal of the Third Amended Complaint for insufficient service of process.  (Doc. No. 36.)  On September 24, 2019, this court granted Defendants' motions, in part, with respect to Plaintiff's claims against Defendant

---

1381, 1384 (10th Cir. 1997) (documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the complaint, and are central to the plaintiff's claims).

RE/MAX, and Defendant RE/MAX was dismissed from the case.  (Doc. No. 49 at 13.)  As a result, only the first three claims, which are asserted against the Hilderbrand Defendants, remain.

The Hilderbrand Defendants now move to dismiss the remaining three claims against them, under Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 52.)

## STANDARD OF REVIEW

### A.  Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle her to an application of different rules.  *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

***B. Federal Rule of Civil Procedure 12(b)(6)***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such a claim survives the motion to dismiss. *Id*. at 679.

At the same time, however, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice. *Tellabs, Inc*, 551 U.S. at 322; *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Publicly filed court records, including court transcripts, are subject to judicial notice. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003).

Here, Plaintiff has attached "copies of correspondence and other related documents" to her Response, which consist of a typewritten letter from Plaintiff to Donna Hilderbrand, dated December 6, 2015, detailing various alleged problems with the property at issue, as well as photographs of the property's dishwasher and ceiling. (*See* Pl.'s Resp. 3-5, 10.) Given that the Response exhibits are neither referenced in the pleadings, nor the proper subject of judicial notice, the court will not consider them in connection with the instant Motion to Dismiss. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad

discretion in determining whether or not to accept materials outside the pleadings."); *Nester v. Bank One Corp.*, 24 F. Supp. 2d 1344, 1346 (D. Utah April 4, 2002) (stating that "the general rationale for conversion to summary judgment dissipates," where "the documents in question are submitted by [the] plaintiff," because "the plaintiff is obviously on notice of their contents"); *see also Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true[.]").

## ANALYSIS

### I. The Motion to Dismiss

#### A. Claims 1 and 2 - Failure to Reasonably Accommodate under § 3604(f)(3)(B)

As a preliminary matter, Plaintiff seeks to assert two distinct claims under the FHA. (*See* Compl. 4-5.) Claim 1, entitled "Disability," sets forth allegations pertaining to the elements of a § 3604(f)(3)(B) claim, and states that the Hilderbrand Defendants "refused to modify the 2016 lease." (*Id.* at 4.) In Claim 2, entitled "Title 42 3604(f)(3)(B)," Plaintiff reiterates that the 2016 lease "did not take into consideration" her "reasonable accommodation." (*Id.* at 5.) She also alleges that Defendants' actions have caused certain harm to her finances, health, general well-being, and safety. (*Id.*) Given that Claims 1 and 2 contain redundant factual allegations, and do not assert separate theories of recovery under the FHA, they will be analyzed together, as one claim. *See Nazarova v. Hillcrest E. N. 22, Inc.*, No. 18-60387-CIV, 2018 WL 3544339, at *5 (S.D. Fla. July 3, 2018) (dismissing an additional FHA claim, because it was "merely evidence" to support the plaintiff's § 3604(f)(3)(B) claim, and did not "constitute a separate and distinct claim").

In the Third Amended Complaint, Plaintiff alleges that she is a "handicapped" individual that requires "reasonable accommodation;" that the Hilderbrand Defendants "have known" of her claimed handicap "since 2010;" that the 2016 lease "did not take into consideration [her] reasonable accommodation;" and that the 2016 lease "states rent is to be paid to Donna Hilderbrand, Inc."  (Compl. 4-5.)  Plaintiff further alleges that Donna Hilderbrand "refused to provide a reasonable accommodation by refusing to modify the new lease to take into consideration the previous agreement."  (*Id.* at 5.)

The FHA makes it unlawful for a housing provider to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."[5]  42 U.S.C. § 3604(f)(2). Prohibited discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B). The required elements of a § 3604(f)(3)(B) claim are: (1) the plaintiff is disabled within the meaning of the FHA; (2) the defendants knew or reasonably should have known of the plaintiff's claimed disability; (3) the plaintiff requested an accommodation of her disability that was necessary to afford her an equal opportunity to use and enjoy the dwelling; (4) the requested accommodation was reasonable; and (5) the defendants refused to make the requested

---

[5] The FHA refers to discrimination based on "handicap," rather than "disability."  *See* 42 U.S.C. § 3604(f).  This court, following the lead of other courts, will use both terms interchangeably.  *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 n.2 (11th Cir. 2014) (using "handicap" and "disability" interchangeably, because "[d]isability scholars . . . generally prefer the term 'disability' to handicap," and because the Americans with Disabilities Act "reflects that preference"); *accord Giebeler v. M & B Assocs.*, 343 F.3d 1143 1146 n.2 (9th Cir. 2003).

accommodation.  *Arnal v. Aspen View Condo. Assoc., Inc.*, 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016) (*Arnal II*) (citing *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006)); *accord Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 922-23 (10th Cir. 2012).

In their Motion, the Hilderbrand Defendants argue that Plaintiff "has adduced only conclusory statements" as to each element of a § 3604(f)(3)(B) claim.  (Defs.' Mot. 6-7.)  They contend, specifically, that the Third Amended Complaint "is devoid of the type of disability Plaintiff had at the time of the 2016 Lease and how it related to what she could or could not do in terms of the 2016 Lease, or how the new lease terms she was demanding related to any disability."  (*Id.* at 6.)  The Hilderbrand Defendants likewise contend, as to the fifth element, that Plaintiff "has alleged no facts demonstrating a nexus between the refusal to accept [her] counterproposal to any disability."  (*Id.* at 7.)

Plaintiff, in response, insists that "the merit of the case is clear based on the filings." (Pl.'s Resp. 1.)  She contends that her "numerous disabilities have been documented and proven," and states that her automobile license plates "are handicapped plates."  (*Id.* at 8.) However, Plaintiff devotes the majority of her Response to addressing "security issues" pertaining to the rental property.  (*Id.* at 2-4, 6-7, 9-11.)  In fact, Plaintiff admits that her disability "was only part of the reason" for her request to modify the 2016 lease.  (*Id.* at 6.) Plaintiff also argues, for the first time, that the 2016 lease "was served in violation of numerous laws from federal to local."  (*Id.*)

## Element 1 – Handicap/Disability

Under the FHA, a "handicap" is "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). In her Third Amended Complaint, as to her claimed disability, Plaintiff alleges the following:

> I am handicapped as defined by the FHA. I received my social security disability with an effective date of 05/25/2007. I received my reasonable accommodation verification on 04/20/2010. This verification has repeatedly been renewed in connection with my housing inspection since. The most recent renewal was signed by Mary Jo Shaffer, NP on 02/23/2007.

(Compl. 4.) Although Plaintiff does not specify the nature of her claimed disability, she has plausibly stated a documented history of mental or physical impairments that substantially limit her major life activities. *See Castellano v. Access Premier Realty, Inc.*, 181 F. Supp. 3d 798, 805 (E.D. Cal. 2016) (finding that a plaintiff presented enough evidence to withstand summary judgment as to the first element of a § 3604(f)(3)(B) claim, because, among other things, the record showed that the plaintiff received federal social security disability benefits); *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 338 (E.D.N.Y. 2012) ("As a general matter, in most cases, individuals who meet the definition of disability for purposes of receiving SSI or SSDI benefits also qualify as disabled under the federal disability statutes."); *Keys Youth Servs., Inc. v. City of Olathe*, 38 F. Supp. 2d 914, 923 (D. Kan. 1999) (finding the first element met, where the plaintiff alleged only that the potential residents of a home would be "mentally disabled"); *see also Solodar v. Old Port Cove Lake Point Tower Condo. Ass'n, Inc.*, No. 12-80040-CIV, 2012 WL 1570063, at *5 (S.D. Fla. May 2, 2012) ("By having alleged facts that, if proven, may give rise to a determination that Ms. Solodar is 'substantially limited' in a major life

activity, the Complaint may go forward.").  Thus, Plaintiff has satisfied the first element of her claim.

### Element 2 – Knowledge of Handicap/Disability

As to the second element, Plaintiff alleges that the Hilderbrand Defendants "have known" about her disability "since 2010," because, among other things, her "original rental application clearly states" that she is disabled.  (Compl. 4.)  Plaintiff further alleges that she "discussed" her disability with the Hilderbrand Defendants "at length."  (*Id.*)  She claims that the Hilderbrand Defendants "removed" certain "items" that she "could not do" from the 2010 lease, with respect to her "responsibilities at the property."  (*Id.*)

At this stage in the proceedings, these allegations are more than enough to show the Hilderbrand Defendants' knowledge of Plaintiff's claimed disability.  *See Chavez v. Aber*, 122 F. Supp. 3d 581, 595-96 (W.D. Tex. 2015) (finding that plaintiffs sufficiently pleaded the knowledge element of a § 3604(f)(3)(B) claim, because they alleged that they had an in-person conversation with the defendant regarding the disability).

### Element 3 – Necessity of Accommodation

In her Third Amended Complaint, Plaintiff alleges that "mowing, snow removal, and other maintenance" were tenant obligations that she "could not" perform.  (Compl. 5.)  Plaintiff further alleges that "[t]he accommodation of the handicap (disability) was necessary for the tenant to live at the property."  (*Id.* at 4.)  She also states that, "[s]ince the property is a duplex, [the accommodation] provided a way to determine which tenant was responsible for what."  (*Id.*) These allegations, even construed in the light most favorable to Plaintiff, fail to meet the Rule 8 pleading standard.

To plausibly allege the "necessity" of her accommodation, Plaintiff must show that "without [the] accommodation, [she] cannot take advantage of the opportunity (available to those without disabilities) to live in those housing facilities." *Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 923 (10th Cir. 2012). Here, Plaintiff does not allege any connection between her unspecified disability and her request to refrain from yard maintenance, from which the court could discern that the asked-for accommodation was "necessary," as opposed to merely preferable.[6] *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 107-11 (3rd Cir. 2018) ("Necessity," for purposes of § 3604(f)(3)(B), means "that an accommodation be essential, not just preferable."); *see also Cinnamon Hills*, 685 F.3d at 923 ("[W]hile the FHA requires accommodations necessary to ensure the disabled receive the *same* housing opportunities as everybody else, it does not require *more* or *better* opportunities."); *Schwartz v. City of Treasure Island*, 544 F.3d 1201, 1218-19 (11th Cir. 2008) ("[T]he duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made.").

### Element 4 – Reasonableness of Accommodation

As to the fourth element, Plaintiff alleges that her request to refrain from lawn mowing and snow removal "was reasonable by the fact that it remained in effect for 6 years." (Compl. 4.) "An accommodation is reasonable under the FHA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Arnal II*, 226 F. Supp. 3d at 1185-86 (citing *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1157 (9th Cir. 2003)).

---

[6] It is also worth noting that, on its face, the addendum to the 2016 lease requires the tenant to mow the grass, only if there is a grass lawn on the property. (Doc. No. 1 at 26.) Plaintiff does not allege the existence of a lawn.

However, the determination as to whether an accommodation is reasonable involves "a case-by-case, factual inquiry." *Arnal v. Aspen View Condo. Ass'n, Inc.*, No. 15-cv-1044-WYD-MJW, 2016 WL 775693, at *5 (D. Colo. Feb. 29, 2016) (*Arnal I*) (collecting cases). The court, therefore, declines to address the reasonableness of Plaintiff's request at this stage of the proceedings. *See Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016) ("The reasonableness issue here cannot be determined on the pleadings because the relevant factors are numerous and balancing them requires a full evidentiary record."); *Fedynich v. Inn Between of Longmont*, No. 17-cv-01952-WJM-STV, 2018 WL 4345190, at *5 (D. Colo. June 1, 2018), *report and recommendation adopted by* 2018 WL 3868705 (D. Colo. Aug. 15, 2018) ("[T]he reasonableness of Plaintiffs' requests . . . is fact-specific and cannot be determined at the motion to dismiss stage.").

### Element 5 – Refusal to Make Accommodation

Finally, as to the fifth element, Plaintiff alleges that Donna Hilderbrand "refused to provide a reasonable accommodation by refusing to modify the new lease to take into consideration the previous agreement." (Compl. 5.) Plaintiff likewise alleges that the 2016 lease "did not take into consideration" her "reasonable accommodation," and that Donna Hilderbrand, Inc. was connected to the lease. (*Id.*) These allegations, alone, are not enough to show that the Hilderbrand Defendants refused to honor any requested accommodation.

It is undisputed that Donna Hilderbrand sent a "Notice to Quit" the property, only after her receipt of the Negotiation Notes. (Compl. 4; Defs.' Reply 1-2.) The Negotiation Notes lay out a bevy of demands pertaining to the 2016 lease, some of which pertain to the accommodation of a disability, but most of which do not. (*See* Defs.' Mot. Ex. 1.) For instance, in the

Negotiation Notes, Plaintiff requested, among other things, that a police officer be present "if anyone enters the property without an appointment and/or the tenant present." (*Id.* at 2.) Plaintiff also demanded that she be "present for all showings" of the property, and that both duplex tenants "be notified 24 hours before ANYONE comes to the premises for any reason." (*Id.* at 2, 7.) Therefore, given that Plaintiff asked for changes to the 2016 lease that were wholly unrelated to her disability, it cannot be said that Donna Hilderbrand's rejection of the proposed lease terms, alone, amounted to an unlawful refusal to accommodate Plaintiff's disability. *See Poursaied v. Reserve at Research Park LLC*, 379 F. Supp. 3d 1182, 1189 (N.D. Ala. May 14, 2019) (finding that a plaintiff failed to allege the fifth element of her § 3604(f)(3)(B) claim, because she "failed to provide any facts in her complaint as to what the defendant has done and/or failed to do to accommodate her disability"); *cf. Chavez v. Aber*, 122 F. Supp. 3d 581, 597-98 (W.D. Tex. 2015) (finding the fifth element of a § 3604(f)(3)(B) claim to be adequately pled, where the landlord allegedly told the plaintiffs that accommodating their service dog was "completely unacceptable," and "refused to consider any option that included [the service dog] remaining at the Duplex").

On this record, then, Plaintiff has failed to adequately allege the third and fifth elements of her § 3604(f)(3)(B) claim against the Hilderbrand Defendant. Therefore, the Hilderbrand Defendants' motion to dismiss Claims 1 and 2, under Rule 12(b)(6), is granted.

### B. Claim 3 – Unspecified

The precise contours of Plaintiff's third claim are difficult to discern. Plaintiff alleges that, on July 7, 2016, Donna Hilderbrand told her to sign a new lease immediately, or else "move." (Compl. 6.) As of that date, the "Section 8 inspection" of the property had reportedly

not yet been completed, and Plaintiff claims that she "knew the property was going to fail inspection because of a lock problem." (*Id.*) Plaintiff states that, as a rule, she "do[es] not sign a Section 8 lease until the property passes inspection." (*Id.*) She claims that she told Donna Hilderbrand that she "was going to exercise [her] right to read [the new lease] before signing and consult an attorney if . . . necessary." (*Id.*) She alleges that Donna Hilderbrand, in response, scribbled "not valid" on one copy of the lease, "removed the other two copies," and subsequently "refus[ed] to negotiate." (*Id.*)

In her third claim, Plaintiff also alleges that "[r]ent, water, and sewer were paid to Donna Hilderbrand, Inc. from 2010 through 2016," and that, per an addendum to the new lease, rent was to continue to be paid to Donna Hilderbrand, Inc. (*Id.* at 7.) Plaintiff alleges that "[t]he Secretary of State website does not show any record of an entity under Donna Hilderbrand, Inc." (*Id.*)

These allegations do not comply with the Rule 8(a) pleading standard. Simply put, Plaintiff has failed to provide a short and plain statement regarding the nature of the claim that demonstrates her plausible entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2). As a result, the Hilderbrand Defendants lack fair notice of the specific claim asserted against them, and the specific factual allegations that support the asserted claim. The general rule that *pro se* pleadings must be construed liberally has limits; "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)

("Judges are not like pigs, hunting for truffles buried in briefs.").  Accordingly, the Hilderbrand

Defendants' motion to dismiss Claim 3 is also granted.

## II.  The Motion to Amend

The deadline for the amendment of pleadings in this case was November 14, 2019.  (Doc.

No. 55 at 7.)  One day after that deadline, on November 15, 2019, Plaintiff attempted to file an

amended complaint.  (*See* Doc. No. 56.)  The proposed pleading was immediately stricken,

however, for failure to comply with relevant procedural rules.  (Doc. No. 58.)

Two and a half weeks later, on December 2, 2019, Plaintiff filed the present motion for

leave to file a Fourth Amended Complaint.  (Pl.'s Mot. 1.)  Plaintiff argues that she should be

allowed to amend her pleading, under Federal Rule of Civil Procedure 15, to make certain

"changes as a result of the dismissal of" RE/MAX from this lawsuit, as well as to "include[]

supporting documents."  (*Id.* at 2.)  With respect to the "supporting documents," Plaintiff states

the following: "Some of the documents were previously submitted and this is to get them in one

place.  Other [sic] are to clarify issues being raised by the Defendants."  (*Id.*)

In the proposed Fourth Amended Complaint, Plaintiff omits all factual allegations and

claims with respect to RE/MAX, but seeks to augment and otherwise modify certain of her

remaining claims against Donna Hilderbrand and Donna Hilderbrand, Inc.  (Pl.'s Mot. Ex. A at

2, 4, 21, 50.)  Specifically, Plaintiff seeks to retitle her first claim as "Disability – Summarize

disability and reasonable accommodation in one place rather than repeating."  (*Id.* at 4.)  As to

her second claim, Plaintiff now alleges that the Hilderbrand Defendants did not provide her with

legally adequate notice to vacate the residential property at issue.  (*Id.* at 21.)  She claims that the

subject property was "approved" for "continuation of the Section 8 housing assistance and rent at

the rate of $775.00 per month in May 2016," and that "[n]o indication of a new lease had been

submitted by Donna Hilderbrand" prior to July 7, 2016. (*Id.* at 23.) Plaintiff further alleges that

Donna Hilderbrand violated the terms of the 2016 lease, by failing to provide her with certain

requested documentation, and that Donna Hilderbrand, Inc. is a fictious entity. (*Id.* at 23, 46.) In

addition, Plaintiff refashions her third claim as "additional support" for her second claim, and

deletes her fourth claim entirely. (*Id.* at 23-50.) As to the final claim, entitled "Summary of

harm done to me as a result of this situation," Plaintiff now alleges that, since the filing of this

lawsuit, her car has been "salted with bedbugs three times." (*Id.* at 51-53.)

The proposed Fourth Amended Complaint also contains thirty-nine "supporting

documents," which include, among other things, Plaintiff's disability records from the Social

Security Administration; photographs of the residential property at issue; letters from Plaintiff to

Donna Hilderbrand regarding a problem with door locks; and a complete copy of the

aforementioned "Notes for lease negotiation for property at 4014 E. San Miguel Street, Colorado

Springs, CO 80909," which was reportedly sent by Plaintiff to Donna Hilderbrand, on July 20,

2016, in response to the 2016 lease offer. (*Id.* at 6-20, 25-45, 47-49.)

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave

[to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide

litigants the maximum opportunity for each claim to be decided on the merits rather than on

procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal

quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin*

*v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

Plaintiff filed her motion for leave to amend on December 2, 2019, eighteen days beyond the Scheduling Order deadline for amended pleadings. (*See* Doc. No. 55 at 13.) "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. WellsFargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (explaining that a plaintiff must first show "good cause" to amend under Rule 16(b), and then show that amendment would be allowed under Rule 15(a)).

Federal Rule of Civil Procedure 16(b) allows modification of a scheduling order "only with good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" under Rule 16(b) "is much different than the more lenient standard contained in Rule 15(a)." *Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1199 (D. Colo. 2017) (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). Rule 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment," rather than "the bad faith of the movant, or the prejudice to the opposing party." *Id.* In effect, "good cause" means that a scheduling order deadline "cannot be met despite the diligence of the party seeking the extension." *Id.* Mere carelessness on the part of the movant "offers no reason for a grant of relief." *Id.* Further, although the Rule 16(b) standard may be met if a plaintiff

learns new information from discovery, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [her claims] . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240.

In her Motion, Plaintiff does not address Rule 16(b) or offer any explanation as to why, despite her diligence, she could not comply with the Scheduling Order deadline for the amendment of pleadings. Instead, Plaintiff merely states that she had difficulty finding the relevant procedural rules for filing an amended complaint. (*See* Pl.'s Mot. 2.) On this record, then, Plaintiff has not provided an "adequate explanation for the delay" to establish good cause for modifying the Scheduling Order. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). On that basis, alone, Plaintiff's motion to amend can be properly denied. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015). Nevertheless, given Plaintiff's *pro se* status, the court would forgive the delay in filing here, if that were the only problem with the Motion. However, the proposed amendment fails to even meet the more lenient standard of Rule 15(a).

The Hilderbrand Defendants oppose Plaintiff's motion to amend, primarily, on the grounds that the proposed amendment would be futile. (Defs.' Resp. 1-2.) They contend, specifically, that the "changes that Plaintiff delineates in her Motion do not cure the deficiencies" set forth in their Motion to Dismiss. (*Id.* at 2; *see* Doc. No. 52.) The court agrees.

Leave to amend may be properly denied based on futility. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]" *Gohier v. Enright*,

186 F.3d 1216, 1218 (10th Cir. 1999). "In ascertaining whether [a] plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to [the] plaintiff, and the allegations in the complaint must be accepted as true." *Session v. Clements*, No. 14-cv-02406-PAB-KLM, 2016 WL 814715, at *2 (D. Colo. Mar. 1, 2016) (quoting *Myers v. City of Loveland, Colo.*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276, at *6 (D. Colo. July 8, 2013)). Further, "[a]ny ambiguities must be resolved in favor of [the] plaintiff, giving h[er] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in h[er] complaint." *Id.*

Here, the proposed Fourth Amended Complaint does not cure the existing deficiencies of Plaintiff's § 3604(f)(3)(B) claim. Specifically, the proposed pleading still fails to adequately allege that Plaintiff's requested accommodation—to avoid responsibility for lawn mowing and snow removal—is necessary for her equal use and enjoyment of the dwelling. *See Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 923 (10th Cir. 2012). The exhibits attached to the proposed Fourth Amended Complaint allege that Plaintiff suffers from: (1) various respiratory ailments, which require her to avoid exposure to "aeroallergens," including smoke, perfume, animals, chemical sprays, cleaning products, and mold; (2) food allergies, which require her to prepare food "from scratch;" and (3) chronic pain, which limits her to lifting twenty pounds maximum. (Pl.'s Mot. Ex. 1 at 6-18.) Plaintiff does not allege how any of these restrictions relate to snow removal or lawn mowing.[7]

---

[7] One of the exhibits to the proposed Fourth Amended Complaint, entitled "Vicki Hall Supplement to 'Request for a Reasonable Accommodation,'" states that, due to various ailments, Plaintiff requires a "single family home or duplex with no or minimal air exchange between units;" "at least a 14 cu. ft. freezer, a kitchen with adequate space to prepare food, cabinets adequate to store the equipment etc. necessary to do this type of food prep, and adequate pantry space;" a dishwasher

Further, the proposed Fourth Amended Complaint still does not plausibly allege the fifth element of a § 3604(f)(3)(B) claim, *i.e.,* that the Hilderbrand Defendants refused to make a requested accommodation. Rather, the proposed pleading alleges only that the Hilderbrand Defendants refused to accept *all* modifications set out in the Negotiation Notes. (*See* Pl.'s Mot. 21, 23.) By Plaintiff's own admission, her disability was "only part of the reason" for the requested modifications. (Pl.'s Resp. 6.) The Fourth Amended Complaint, even liberally construed, does not allege that that the Hilderbrand Defendants refused to honor a *specific* request to refrain from lawn mowing and snow removal.

For those reasons, therefore, it would be futile to grant Plaintiff leave to amend her FHA claim.[8] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (affirming dismissal of a *pro se* plaintiff's claim, where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). As a result, Plaintiff's motion to amend is denied.

Accordingly, it is

**ORDERED** that the "Motion to Dismiss under 12(b)(6) of Donna Hilderbrand and Donna Hilderbrand, Inc." (Doc. No. 52) is **GRANTED**. It is further

---

and a "washer and dryer that are not used by other people;" and "additional space" to do recommended physical therapy exercises. (Pl.'s Mot. Ex. A at 7-8.) A "Request for Reasonable Accommodation" form, dated March 31, 2010, likewise states that Plaintiff requires a two-bedroom dwelling. (*Id.* at 19-20.) Neither document mentions any accommodation needs pertaining to yard maintenance.

[8] Given that federal jurisdiction in this case is predicated solely upon Plaintiff's FHA claim (Pl.'s Mot. Ex. 1 at 3), there is no need to address the sufficiency of the supplemental claims. *See* 28 U.S.C. § 1367(c)(2), (3).

**ORDERED** that Plaintiff's "Motion for Leave to Amend and Supplement Complaint" (Doc. No. 64) is **DENIED**. Plaintiff's case is **DISMISSED with prejudice to a refiling**.

This 23rd day of March, 2020.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge